IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 08 C 150 |
| | ) | |
| -vs- | ) ) | Honorable District Judge Norgle |
| RCS TRANSPORTATION LAP, LLC, a Kentucky limited liability corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**PRELIMINARY INJUNCTION**

In accordance with Rule 52(b) of the Federal Rules of Civil Procedure, the following findings of fact and conclusions of law constitute the grounds for this Court's granting the Plaintiffs' Motion for Preliminary Injunction.

**FINDINGS OF FACT**

1.      The Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and the Central States, Southeast and Southwest Areas Health and Welfare Fund ("Health and Welfare Fund") receive contributions from numerous employers pursuant to collective bargaining agreements negotiated between the employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT").  The contributions

and investment income earned thereon are used for the sole and exclusive benefit of participants and beneficiaries and to defray reasonable administrative expenses.

2.     Defendant RCS Transportation LAP, LLC ("RCS") is bound by the provisions of a collective bargaining agreement, a Participation Agreement and the Health and Welfare and Pension Funds' Trust Agreements ("Trust Agreements") which require RCS to pay contributions to the Health and Welfare and Pension Funds on behalf of covered employees.  RCS is currently bound by a collective bargaining agreement and participation agreement entered into with Local Union 89 affiliated with the IBT which requires RCS to pay contributions to the Pension Fund and the Health and Welfare Fund.

3.     The Pension Fund and the Health and Welfare Fund operate under an employer self-reporting system which requires participating employers to initially establish a base group of employees for whom contributions are due.  Thereafter, the employers are required to notify the Funds on a monthly basis of any changes in the employment stats of covered employees.  Based upon the reported work history, the Funds send monthly bills to the employers.

4.     Defendant RCS has not complied with its obligations under the collective bargaining agreement, the Participation Agreement and the Trust Agreements in that it has failed to pay all of its contributions owed to the Pension Fund for the months of September 2007 through November 2007 in an amount in excess of $144,000.00 and has failed to remit timely contributions to the Health and Welfare Fund for the months of October 2007 and November 2007.  The Health and Welfare Fund received RCS's health and welfare contributions for the month of November 2007 several weeks late.

5.     Defendant RCS does not dispute that it owes the contributions described in

paragraph 4 above.  Defendant RCS advised the Pension Fund and the Health and Welfare Fund that its failure to pay is the result of severe cash flow problems which it is currently experiencing.

6.    Pursuant to the provisions of the Pension Plan and ERISA, the Pension Fund is required to provide pension credits and pension benefits to the employees of Defendant RCS regardless of whether RCS remits corresponding contributions.

7.    The Health and Welfare Fund will also pay covered health and welfare claims incurred by Defendant RCS's employees (and their beneficiaries) regardless of whether Defendant pays the corresponding contributions until Defendant is placed on suspension of benefits status.  Once Defendant is placed on suspension of benefits status, payment of eligible claims will be suspended until corresponding contributions are paid.  Unless Defendant RCS makes its December 2007 payment to the Health and Welfare Fund, it will be placed on suspension of benefits status effective March 15, 2008.  If this occurs, employees will be irreparably harmed because payment of their claims will be suspended until either Defendant pays the contributions or the employees self-pay the contributions.

## CONCLUSIONS OF LAW

1.    Section 502(a)(3) of ERISA expressly authorizes this Court to "enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan."  29 U.S.C. §1132(a)(3).  Defendant RCS's failure to pay required contributions each month to the Pension Fund and the Health and Welfare Fund is a violation of the plan and §515 of ERISA.  29 U.S.C. §1145.

2.    Defendant RCS is obligated to pay contributions to the Pension Fund and the Health and Welfare Fund pursuant to the collective bargaining agreement, the Participation

Agreement and the Trust Agreements.   In addition, RCS does not dispute its liability to Plaintiffs.  Therefore, the Plaintiffs have demonstrated that they are likely to succeed on the merits.

3.     Defendant RCS's failure to pay promised contributions irreparably harms the Pension Fund and the Health and Welfare Fund because a money judgment may be uncollectible in light of the Defendant's financial difficulties.  In addition, the Pension Plan and ERISA require the Pension Fund to provide pension credits and pay pension benefits to Defendant RCS's employees regardless of whether corresponding contributions are paid and the Health and Welfare Fund's plan documents require the Health and Welfare Fund to pay covered claims regardless of whether corresponding contributions are ever paid until the Defendant is placed on suspension of benefits.  Once the Defendant is placed on suspension of benefits, the participants and beneficiaries of the Health and Welfare Fund will be irreparably harmed because payment of their claims will be suspended unless the delinquent contributions are paid.

4.     Moreover, the Health and Welfare and Pension Funds are irreparably harmed because they have lost the benefit of income that could have been earned if the past due amounts had been received and invested on time.  In addition, the Health and Welfare and Pension Funds have incurred additional administrative costs in detecting and collecting Defendant RCS's delinquencies.  Since the danger of harm to Plaintiffs is significant and the harm to Defendant from the entry of this order appears minimal, the balance of harm favors the entry of this order.

5.     The public has a strong interest in the stability and financial integrity of fringe benefit funds.  29 U.S.C. §1001(a).  Because the financial stability of fringe benefit funds

such as the Health and Welfare and Pension Funds is a public concern, the entry of a injunction is in the public interest.

6.      In light of the Plaintiffs' strong showing that they are likely to succeed on the merits and the fact that Defendant RCS does not dispute that it is obligated to pay contributions to the Pension Fund and the Health and Welfare Fund, it does not appear that in the event this injunction should not have been granted that Defendant RCS will have sustained any harm.  Therefore, the Court will not require the Plaintiffs to post a bond.

## ORDER

By this Order, the Defendant RCS Transportation LAP, LLC, its officers, directors, shareholders, agents, servants, employees, attorneys and all persons in active concert and participation with it, are ordered to:  (a) pay in full their pension contributions owed to Plaintiff the Central States, Southeast and Southwest Areas Pension Fund for the month of December 2007 to be received by the Plaintiff on or before January 15, 2008; (b) pay in full their health and welfare contributions owed to Plaintiff the Central States, Southeast and Southwest Areas Health and Welfare Fund for the month of December 2007 to be received by the Plaintiff on or before January 15, 2008; and (c) pay in full all contributions owed to Plaintiffs the Central States, Southeast and Southwest Areas Pension Fund and the Central States, Southeast and Southwest Areas Health and Welfare Fund for months subsequent to December 2007 to be received by Plaintiffs on or before the 15th day of the following month during the pendency of this action.

ENTERED:

Date: _____        _____
                                     United States District Judge Norgle