# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>and<br><br>CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND and HOWARD McDOUGALL, trustee,<br><br>Plaintiffs,<br><br>-vs-<br><br>RCS TRANSPORTATION LAP, LLC, a Kentucky limited liability corporation,<br><br>Defendant. | Case No. 08 C 150<br><br>Honorable<br>District Judge Norgle |

State of Illinois   )
                   ) SS:
County of Cook     )

### AFFIDAVIT OF JO EVELYN GEORGE-ROBERSON

Now comes Jo Evelyn George-Roberson who states upon oath the following:

1. I am employed by the Central States, Southeast and Southwest Area Health and Welfare Fund and Pension Fund (collectively "Central States" or individually "Pension Fund" or "Health and Welfare Fund") as the Manager of the Delinquent Accounts Division and I have personal knowledge with respect to the matters set forth in this Affidavit.

2. The Pension Fund and the Health and Welfare Fund receive contributions from hundreds of employers pursuant to collective bargaining agreements between the

employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT").

3. In the regular course of their business, the Pension Fund and the Health and Welfare Fund keep and maintain records of agreements signed by employers that participate in the Pension Fund and Health and Welfare Fund.

4. The Pension and Health and Welfare Funds' records indicate that RCS Transportation LAP, LLC ("RCS") is bound by a collective bargaining agreement and participation agreement entered into with Local Union 89 affiliated with the IBT which requires it to timely pay contributions to the Pension Fund and the Health and Welfare Fund.

5. RCS is also bound by the Health and Welfare and Pension Fund Trust Agreements ("Trust Agreements") which require the timely payment of contributions.

6. The Pension Fund and the Health and Welfare Fund rely upon employers to self-report the work history of eligible employees. Under this self-reporting system, participating employers initially establish a base group of employees for whom contributions are due. Thereafter, the employer is required to notify the Pension Fund and the Health and Welfare Fund on a monthly basis of any changes in the employment status of individuals covered by the collective bargaining agreement (e.g. layoffs, new hires, terminations, etc.). The Pension Fund and the Health and Welfare Fund rely upon the reports submitted by employers to prepare a monthly contribution bill that is sent to the employers. Contributions for each calendar month are due 15 days after the end of the month.

7. The Pension Fund's records reflect that RCS has failed to pay contributions

owed to the Pension Fund for the months of September 2007 through November 2007 which are overdue, resulting in a delinquency of $144,239.98. A true and accurate breakdown of pension contributions outstanding is attached hereto as Exhibit 1.

8. The Health and Welfare Fund's records reflect that RCS has failed to pay contributions owed to the Health and Welfare Fund in a timely manner for the months of October 2007 and November 2007. The November 2007 payment was received by the Health and Welfare Fund several weeks late. A true and accurate breakdown of outstanding interest owed to the Health and Welfare Fund is attached hereto as Exhibit 2.

9. RCS's failure to pay the required contributions violates ERISA Section 515, 29 U.S.C. § 1145.

10. In addition to the above delinquencies, RCS's contributions for December 2007 which are due January 15, 2008, are estimated to be $99,750.00 to the Pension Fund and $88,149.00 to the Health and Welfare Fund.

11. RCS has never disputed that it owes the contributions to the Pension Fund for the months of September 2007 through November 2007. During the month of December 2007, I spoke with Crystal Wilson at RCS concerning the delinquencies to the Pension Fund and the Health and Welfare Fund. She advised me that the delinquencies are the result of serious cash flow problems which RCS is experiencing.

12. Pursuant to the provisions of the Pension Plan, the Pension Fund is required to and does provide pension credit to employees of participating employers regardless of whether the employer ever pays the corresponding contributions.

13. The Health and Welfare Fund pays all eligible claims incurred by covered employees, regardless of whether their employer pays the corresponding contributions,

until the employer is placed on "suspension of benefits" status. Once an employer is placed on suspension of benefits status, the Health and Welfare Fund suspends payment of eligible claims until corresponding contributions are paid by either the employer or the employee. RCS will be placed on suspension of benefits status March 15, 2008 if the December 2007 health and welfare contributions are not received. If RCS is placed on suspension of benefits status, the Health and Welfare Fund will not pay covered claims incurred by RCS's employees and their beneficiaries until all the corresponding delinquent contributions to the Health and Welfare Fund are paid by RCS or the employees of RCS elect to pay the contributions owed on their own behalf.

**FURTHER AFFIANT SAYETH NOT.**

_Jo Evelyn George-Roberson_

Subscribed and sworn to before
me, a Notary Public, this 9th
day of January, 2008.

_Debbie Bolden_
Notary Public

Official Seal
Debbie R Bolden
Notary Public State of Illinois
My Commission Expires 06/06/2009