# Exhibit B

Case 1:08-cv-00150   Document 9-6   Filed 01/09/2008   Page 1 of 5

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
JAN 10 2001
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND )
and HOWARD MCDOUGALL, trustee, )
)
Plaintiffs, )
)
v. ) Case No. 00 C 4970
) Judge George W. Lindberg
CHAS. J. BURNHAM CARTAGE, INC., )
a Michigan corporation )
)
Defendant. )

### PRELIMINARY INJUNCTION

In accordance with Rule 52(a) of the Federal Rules of Civil Procedure, the following findings of fact (based upon the Defendant's Answer to the Complaint and Plaintiffs' affidavit) and conclusions of law constitute the grounds for this Court's granting the Plaintiffs' Motion for Preliminary Injunction.

### FINDINGS OF FACT

1. The Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") receives contributions from numerous employers pursuant to collective bargaining agreements negotiated between the employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT"). The contributions and investment income earned thereon are used for the sole and exclusive benefit of participants and beneficiaries and to defray reasonable administrative expenses.

2. The Defendant is bound by a collective bargaining agreement and participation agreement entered into with Local Union 337 affiliated with the IBT which

require it to pay contributions to the Pension Fund on behalf of covered employees. The Defendant is also bound by the Pension Fund Trust Agreement which also requires the Defendant to pay contributions to the Pension Fund on behalf of eligible employees.

3. The Pension Fund operates under an employer self-reporting system which requires participating employers to initially establish a base group of employees for whom contributions are due. Thereafter, the employers are required to notify the Pension Fund on a monthly basis of any change in the employment status of covered employees. Based upon the reported work history, the Pension Fund sends monthly bills to the employers.

4. The Defendant has not complied with its obligation under the collective bargaining agreement, participation agreement, and the Pension Fund Trust Agreement in that it has not paid all at least a portion of the contributions owed to the Pension Fund for the months of February 2000 through October 2000, all of which are overdue. In addition, the Defendant owes additional contributions of approximately $3,750.00 to the Pension Fund for the month of December 2000, which will be due on January 15, 2001.

5. The Defendant does not dispute that it owes contributions. The Defendant advised the Pension Fund that its failure to pay is the result of severe cash flow problems which it is currently experiencing.

6. Pursuant to the provisions of the Pension Plan and ERISA, the Pension Fund is required to provide pension credits and pension benefits to the Defendant's employees regardless of whether the Defendant remits corresponding contributions.

## CONCLUSIONS OF LAW

1. Section 502(a)(3) of ERISA expressly authorizes this Court to "enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan."

29 U.S.C. § 1132(a)(3). The Defendant's failure to pay required contributions to the Pension Fund is a violation of both the plan and § 515 of ERISA. 29 U.S.C. § 1145.

2. The Defendant is obligated to pay contributions to the Pension Fund pursuant to the collective bargaining agreement, participation agreement and the Pension Fund Trust Agreement. In addition, the Defendant does not dispute its liability to Plaintiffs. Therefore, the Plaintiffs have demonstrated that they are likely to succeed on the merits.

3. The Defendant's failure to pay promised contributions irreparably harms the Pension Fund because a money judgment may be uncollectible in light of the Defendant's financial difficulties. In addition, the Pension Plan and ERISA require the Pension Fund to provide pension credits and pay pension benefits to the Defendant's employees regardless of whether corresponding contributions are paid. Moreover, the Pension Fund is irreparably harmed because it has lost the benefit of income that could have been earned if the past due amounts had been received and invested on time and the Pension Fund have incurred additional administrative costs in detecting and collecting the Defendant's delinquencies. Since the danger of harm to Plaintiffs is significant and the harm to the Defendant from the entry of this order appears minimal the balance of harm favors the entry of this order.

4. The Defendant's failure to make promised payments to the Pension Fund causes substantial harm to the Pension Fund. On the other hand, the entry of an injunction will not harm the Defendant because it is only being required to do what it is contractually obligated to do.

5. The public has a strong interest in the stability and financial integrity of fringe benefit funds. 29 U.S.C. § 1001(a). Because the financial stability of fringe benefit funds

such as the Pension Fund is a public concern, the entry of a injunction is in the public interest.

6.    In light of the Plaintiffs' strong showing that they are likely to succeed on the merits and the fact that the Defendant does not dispute that they are obligated to pay contributions to the Pension Fund, it does not appear that in the event this injunction should not have been granted that the Defendant will have sustained any harm. Therefore, the Court will require the Plaintiffs to post a nominal bond of $100.00.

## ORDER

The Plaintiffs' Motion for a preliminary injunction is granted. By this Order, the Defendant Chas. J. Burnham Cartage, Inc., its officers, directors, shareholders, agents, servants, employees, and all persons in active concert and participation with it, are ordered to pay its Pension contributions owed to the Plaintiffs for the month of December 2000 on or before 5:00 p.m. on January 15, 2001, by placing said payment in a pre-addressed, pre-stamped envelope and mailing it, via First Class U.S. Mail, to the Pension Fund.

ENTERED: _____
United States District Judge

Date:   JAN 1 0 2001