# Exhibit E

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND    )
SOUTHWEST AREAS PENSION FUND    )
and HOWARD MCDOUGALL, trustee,    )
                                 )
              and                )
                                 )
CENTRAL STATES, SOUTHEAST AND    )
SOUTHWEST AREAS HEALTH AND       )
WELFARE FUND, and HOWARD         )    Case No. 99 C 0793
MCDOUGALL, trustee,              )
                                 )    Judge Conlon
              Plaintiffs,        )
                                 )    Magistrate Judge Keys
         v.                      )
                                 )
DOUBLE S EXPRESS, INC.           )
a Missouri Corporation           )
                                 )
              Defendant.         )

## PRELIMINARY INJUNCTION

In accordance with Rule 52(b) of the Federal Rules of Civil Procedure, the following

findings of fact and conclusions of law constitute the grounds for this Court's granting the

Plaintiffs' Motion for Preliminary Injunction.

## FINDINGS OF FACT

1.    The Central States, Southeast and Southwest Areas Pension Fund ("Pension

Fund") and the Central States, Southeast and Southwest Areas Health and Welfare Fund

("Health and Welfare Fund") receive contributions from numerous employers pursuant to

collective bargaining agreements negotiated between the employers and various local

unions affiliated with the International Brotherhood of Teamsters ("IBT"). The contributions and investment income earned thereon are used for the sole and exclusive benefit of participants and beneficiaries and to defray reasonable administrative expenses.

2.    The Defendant is bound by the provisions of a collective bargaining agreement, participation agreement and the Pension and Health and Welfare Funds' trust agreements which require it to pay contributions to the Pension Fund and the Health and Welfare Fund on behalf of covered employees.

3.    The Pension and Health and Welfare Funds rely upon participating employers to self-report the work history of eligible employees. Based upon the reported work history, the Funds send monthly bills to the employers.

4.    The Defendant has not complied with its obligations under the collective bargaining agreement, the participation agreement and the Pension and Health and Welfare Funds' trust agreements in that it has failed to pay all of its contributions owed to the Pension Fund for the months of January, 1998 through December, 1998 and the months of April, 1997 through December, 1997 and to the Health and Welfare Fund for the months of November, 1998 through December, 1998 and the months of May, 1997 through June, 1997, all of which are overdue. As a consequence, the Defendant owes contributions and interest thereon to the Pension Fund for said period in the amount of $80,358.86. The Defendant owes the Health and Welfare Fund contributions and interest thereon for said period in the amount of $18,233.82.

5.    The Defendant's contributions to the Pension and Health and Welfare Funds for the month of January, 1998 will become due on February 15,1999. The contribution liability for the month of January, 1998 is $5,120.00 for the Pension Fund and $6,388.00

for the Health and Welfare Fund.

6.      The Defendant does not dispute that it owes the contributions described in paragraph 4 above. It advised the Pension Fund and Health and Welfare Fund that its failure to pay is the result of ongoing cash flow problems.

7.      Pursuant to the provisions of the Pension Plan and ERISA, the Pension Fund is required to provide pension credits and pension benefits to the Defendant's employees regardless of whether the Defendant remits corresponding contributions.

8.      The Health and Welfare Fund will also pay covered health and welfare claims incurred by the Defendant's employees (and their beneficiaries) regardless of whether the Defendant pays the corresponding contributions until the Defendant is placed on suspension of benefits status. Once the Defendant is placed on suspension of benefits status, payment of eligible claims will be suspended until corresponding contributions are paid. Unless the Defendant makes a payment to the Health and Welfare Fund of at least one month's contributions, it will be placed on suspension of benefits status effective February 14, 1999. If this occurs, employees will be irreparably harmed because payment of their claims will be suspended until either the Defendant pays the contributions or the employees self-pay the contributions.

## CONCLUSIONS OF LAW

1.      Section 502(a)(3) of ERISA expressly authorizes this Court to "enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan." 29 U.S.C. §1132(a)(3). The Defendant's failure to pay required contributions to Pension Fund for the months of January, 1998 through December, 1998 and the months of April, 1997 through

December, 1997 and to the Health and Welfare Fund for the months of November, 1998 through December, 1998 and the months of May, 1997 through June, 1997, is a violation of both the plan and §515 of ERISA. 29 U.S.C. §1145.

2.    The Defendant is obligated to pay contributions to the Pension and Health and Welfare Funds pursuant to the collective bargaining agreement, participation agreement and the Pension and Health and Welfare Fund trust agreements. Since the Defendant does not dispute its liability to Plaintiffs but simply claims that it is encountering cash flow problems, the Plaintiffs have demonstrated that they are likely to succeed on the merits.

3.    The Defendant's failure to pay promised contributions irreparably harms the Pension Fund and Health and Welfare Fund because a money judgment may be uncollectible in light of the Defendant's financial difficulties. In addition, the Pension Plan and ERISA require the Pension Fund to provide pension credits and pay pension benefits to the Defendant's employees regardless of whether corresponding contributions are paid and the Health and Welfare Fund plan documents require the Health and Welfare Fund to pay covered claims regardless of whether corresponding contributions are ever paid until the Defendant is placed on suspension of benefits. Once the Defendant is placed on suspension of benefits, the participants and beneficiaries of the Health and Welfare Fund will be irreparably harmed because payment of their claims will be suspended unless the delinquent contributions are paid. Moreover, the Pension and Health and Welfare Funds have already been irreparably harmed because they have lost the benefit of income that could have been earned if the past due amounts had been received and invested on time. Furthermore, the Pension and Health and Welfare Funds have incurred additional

administrative costs in detecting and collecting the Defendant's delinquencies. Since the danger of harm to Plaintiffs is significant and the harm to Defendant from the entry of this order is minimal, the balance of harm favors the entry of this order.

4.    The public has a strong interest in the stability and financial integrity of fringe benefit funds. 29 U.S.C. §1001(a). Because the financial stability of fringe benefit funds such as the Pension and Health and Welfare Funds is a public concern, the entry of a injunction is in the public interest.

5.    In light of the Plaintiffs' strong showing that they are likely to succeed on the merits and the fact that the Defendant does not dispute its obligation to pay contributions to the Pension and Health and Welfare Funds, it does not appear that the Defendant will have sustained any harm in the event this injunction was improvidently granted. Therefore, the bond will be set at $100.00 which can be posted in cash.


### ORDER

The Plaintiffs' Motion for a preliminary injunction is granted. By this Order, the Defendant, Double S Express, Inc., its officers, directors, shareholders, agents, servants, employees, attorneys and all persons in active concert and participation with it, are ordered to:

a) pay its Health and Welfare contributions owed to the Plaintiffs for the month of January, 1999 on or before 12:00 p.m. on February 20, 1999; and

b) pay its Pension contributions owed to the Plaintiffs for the month of January, 1999 on or before February 20, 1999; and

c) pay all contributions owed to the Pension and Health and Welfare Funds

for months subsequent to January, 1999 on or before 15 days after the close of each month during the pendency of this case.

Feb. 11, 1999

Suzanne B. Conlon

Date                         United States District Judge