# Exhibit G

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>and<br><br>CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND, and HOWARD McDOUGALL, trustee,<br><br>Plaintiffs,<br><br>-vs-<br><br>HYMAN FREIGHTWAYS, INC., a Minnesota corporation,<br><br>Defendant. | RECEIVED<br>JUL 22 1997<br>U. S. DISTRICT COURT JUDGE<br><br><br><br>Case No. 97 C 0987<br>Judge Harry D. Leinenweber |

## PRELIMINARY INJUNCTION

In accordance with Rule 52(b) of the Federal Rules of Civil Procedure, the following findings of fact and conclusions of law constitute the grounds for this Court's granting the Plaintiffs' Motion for Preliminary Injunction.

## FINDINGS OF FACT

1. The Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and the Central States, Southeast and Southwest Areas Health and Welfare Fund ("Health and Welfare Fund") receive contributions from numerous employers pursuant to collective bargaining agreements negotiated between the employers and various local

43464 / 97111683 / 7/21/97

-1-

unions affiliated with the International Brotherhood of Teamsters ("IBT"). The contributions and investment income earned thereon are used for the sole and exclusive benefit of participants and beneficiaries and to defray reasonable administrative expenses.

2.  Defendant Hyman Freightways, Inc. ("Hyman") is bound by the provisions of a collective bargaining agreement and the Pension and Health and Welfare Funds' trust agreements which require it to pay contributions to the Pension and Health and Welfare Funds on behalf of covered employees.

3.  The Pension and Health and Welfare Funds rely upon participating employers to self-report the work history of eligible employees. Based upon the reported work history, the Funds send monthly bills to the employers.

4.  Defendant has not complied with its obligations under the collective bargaining agreement, and the Pension and Health and Welfare Funds' trust agreements in that it has failed to pay all of its contributions owed to the Pension and Health and Welfare Funds for the month of December, 1996 and January, 1997 which are overdue. Defendant currently owes past due contributions and interest thereon totaling $602,139.19 to the Pension Fund and $675,566.50 to the Health and Welfare Fund.

5.  Defendant does not dispute that it owes the contributions described in paragraph 4 above. Defendant advised the Pension Fund and the Health and Welfare Fund that its failure to pay is the result of severe financial problems it is currently experiencing.

6.  In February, 1997, the Defendant promised that effective February 24, 1997 it would make weekly payments to cover its ongoing liability to the Pension Fund and the Health and Welfare Fund. The weekly payments were made through July 7, 1997 but the

June 30, 1997 payment was not received until July 8, 1997. However, the July 14, 1997 payment was not made and Hyman has advised the Pension Fund and the Health and Welfare Fund that it does not have the money to make the payment and is not sure when it could be made.

7.  Pursuant to the provisions of the Pension Plan and ERISA, the Pension Fund is required to provide pension credits and pension benefits to the employees of Defendant regardless of whether the Defendant remits corresponding contributions.

8.  The Health and Welfare Fund is continuing to provide coverage to Hyman's employees and their beneficiaries and will pay their covered claims even if Hyman fails to pay the corresponding contributions. However, the Health and Welfare Fund is considering placing Hyman on suspension of benefits status. If this occurs claims incurred by Hyman's employees and their beneficiaries will not be paid until Hyman's delinquency is resolved.

## CONCLUSIONS OF LAW

1.  Section 502(a)(3) of ERISA expressly authorizes this Court to "enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan." 29 U.S.C. §1132(a)(3). Defendant's failure to pay required contributions to the Pension and Health and Welfare Funds is a violation of both the plans and §515 of ERISA. 29 U.S.C. §1145.

2.  Defendant is obligated to pay contributions to the Pension and Health and Welfare Fund pursuant to a collective bargaining agreement and the Pension and Health and Welfare Funds' trust agreements. The Defendant does not dispute its liability to

Plaintiffs. Therefore, the Plaintiffs have demonstrated that they are likely to succeed on the merits.

3. Defendant's failure to pay promised contributions irreparably harms the Pension Fund and the Health and Welfare Fund because a money judgment may be uncollectible in light of the Defendant's admitted financial difficulties. In addition, the Pension Plan and ERISA require the Pension Fund to provide pension credits and pay pension benefits to Defendant's employees regardless of whether corresponding contributions are paid. The Health and Welfare Fund will be irreparably harmed because until Hyman is placed on suspension of benefits status, the Health and Welfare Fund will provide health and welfare coverage and benefits to Hyman's employees regardless of whether the corresponding contributions are ever collected. If the Trustees decide to place Hyman on suspension of benefits status, the participants and beneficiaries of the Health and Welfare Fund will be irreparably harmed because their claims will not be paid until the delinquency is resolved. Moreover, the Pension and Health and Welfare Funds are irreparably harmed because they have lost the benefit of income that could have been earned if the past due amounts had been received and invested on time and the Pension and Health and Welfare Funds have incurred additional administrative costs in detecting and collecting Defendant's delinquencies. Since the danger of harm to Plaintiffs is significant and the harm to Defendant from the entry of this Order appears minimal, the balance of harm favors the entry of this Order.

4. The public has a strong interest in the stability and financial integrity of fringe benefit funds. 29 U.S.C. §1001(a). Because the financial stability of fringe benefit funds

such as the Pension and Health and Welfare Funds is a public concern, the entry of an injunction is in the public interest.

5.  In light of the Plaintiffs' strong showing that they are likely to succeed on the merits and the fact that Defendant does not dispute that it is obligated to pay contributions to the Pension and Health and Welfare Funds, it does not appear that in the event this injunction should not have been granted that Defendant will have sustained any harm. Therefore, the Court will only require the Plaintiffs to post a $100 bond.

## ORDER

The Plaintiffs' Motion for a Preliminary Injunction is granted. By this Order, the Defendant Hyman Freightways, Inc., their officers, directors, shareholders, agents, servants, employees, attorneys and all persons in active concert and participation with them, are ordered to a) pay the contributions owed by Hyman for the week of July 13, 1997 to July 19, 1997 before the close of business on July 23, 1997, and b) pay contributions owed to the Plaintiffs for each subsequent calendar week (Sunday through Saturday) on the Monday of the following week during the pendency of this case.

**ENTERED:**

7-22-97
Date

United States District Judge