# Exhibit H

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND and HOWARD McDOUGALL, trustee,<br><br>Plaintiffs,<br><br>v.<br><br>FORE WAY EXPRESS, INC., a Wisconsin corporation,<br><br>Defendant. | Case No. 95 C 7260<br>Judge Castillo |

### PRELIMINARY INJUNCTION ORDER

In accordance with Rule 52(a) of the Federal Rules of Civil Procedure, the following findings of fact and conclusions of law constitute the grounds for this Court's granting the Plaintiffs' Emergency Motion for Preliminary Injunction.

### FINDINGS OF FACT

1. The Central States, Southeast and Southwest Areas Pension and Health and Welfare Funds receive contributions from numerous employers pursuant to collective bargaining agreements negotiated between the employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT"). The contributions and investment income earned thereon are used for the sole and exclusive benefit of participants and beneficiaries and to defray reasonable administrative expenses.

2. The Defendant is bound by the provisions of collective bargaining agreements and the Pension Fund and Health and Welfare Fund Trust Agreements which require it to pay contributions to the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and the Central States, Southeast and Southwest Areas

Health and Welfare Fund ("Health and Welfare Fund") in accordance with the terms of their Trust Agreements.

3. The Trust Funds operate under an employer self-reporting system which requires participating employers to initially establish a base group of employees for whom contributions are due. Thereafter, the employers are required to notify the Trust Funds on a monthly basis of any changes in the employment status of covered employees.

4. The Defendant has not complied with its obligations under the collective bargaining agreements and the Trust Agreements in that it has failed to pay all of the contributions owed to the Pension Fund and to the Health and Welfare Fund for the months of September and October 1995, which are current overdue. Based upon employee work history reported by the Defendant, the Defendant owes contributions for said months and interest thereon through November 20, 1995 totalling $249,125.86. The Defendant's contributions for the month of November 1995 totalling approximately $225,000.00 (based upon reported employee work history) are due on or before December 15, 1995.

5. The Defendant has indicated that its failure to remit current contributions is due to its cash flow problems.

6. Pursuant to the provisions of the Pension Plan and ERISA, the Pension Fund is required to provide pension credits and pension benefits to Defendant's employees regardless of whether the Defendant remits corresponding contributions.

7. The Health and Welfare Fund will suspend the payment of health and welfare claims submitted by the Defendant's employees (and their beneficiaries) effective January 14, 1996 due to the Defendant's failure to pay required contributions.

## CONCLUSIONS OF LAW

1. Section 502(a)(3) of ERISA expressly authorizes this Court to "enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan." 29 U.S.C. § 1132(a)(3). The Defendant's failure to pay required contributions to the Trust Funds is a violation of both the plans and § 515 of ERISA. 29 U.S.C. § 1145.

2. The Defendant is obligated to pay contributions to the Trust Funds pursuant to the collective bargaining agreements, the participation agreements and the Trust Agreements. Therefore, the Plaintiffs have demonstrated that they are likely to succeed on the merits.

3. The Defendant's failure to pay promised contributions irreparably harms the Pension Fund because the Pension Plan and ERISA require the Fund to provide pension credits and pay pension benefits to the Defendant's employees regardless of whether corresponding contributions are paid. The participants and beneficiaries of the Health and Welfare Fund are irreparably harmed because they have lost health and welfare coverage. Moreover, the Pension and Health and Welfare Funds are irreparably harmed because they have lost the benefit of income that could have been earned if the past due amounts had been received and invested on time and the Pension and Health and Welfare Funds have incurred additional administrative costs in detecting and collecting the Defendant's delinquencies. Since the danger of harm to Plaintiffs is significant and the harm to Defendant from the entry of this order appears minimal the balance of harms favors the entry of this order.

4. The public has a strong interest in the stability and financial integrity of fringe benefit funds. 29 U.S.C. § 1001(a). Because the financial stability of fringe benefit funds such as the Pension and Health and Welfare Funds is a public concern, the entry of an injunction is in the public interest.

5. In light of the Plaintiffs' strong showing that they are likely to succeed on the merits, and the fact that the Defendant does not appear to dispute that it is obligated to pay contributions to the Pension and Health and Welfare Funds, the Court will not require the Plaintiffs to post a bond.

## ORDER

The Plaintiffs' Motion for Preliminary Injunction is granted. The Defendant, its agents, servants, employees, attorneys and all persons in active counsel and participation with it, pending the final hearing and determination of this action, are ordered to comply

with those terms and provisions of the collective bargaining agreements, the participation agreements and the Pension and Health and Welfare Fund Trust Agreements which require timely payment of monthly contributions to the Trust Funds and are ordered to pay the contributions owed for the month of November 1995 (pursuant to said agreements) by 4:30 p.m. on December 15, 1995 and all contributions owed to the Trust Funds for months subsequent to November 1995 on a timely basis.

12/14/95
Date

_[signature]_
United States District Judge