# Exhibit I




UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,

Plaintiffs,

v.

COX TRANSFER, INC., an Illinois corporation,

Defendant.

Case No. 93 C 4600
Judge Charles R. Norgle, Sr.

**PRELIMINARY INJUNCTION ORDER**

In accordance with Rule 52(a) of the Federal Rules of Civil Procedure, the following findings of fact and conclusions of law constitute the grounds for this Court's granting the Plaintiffs' Motion for Preliminary Injunction.

**FINDINGS OF FACT**

1. The Central States, Southeast and Southwest Areas Pension Fund receives contributions from numerous employers pursuant to collective bargaining agreements negotiated between the employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT"). The contributions and investment income earned thereon are used for the sole and exclusive benefit of participants and beneficiaries and to defray reasonable administrative expenses.

2. The Defendant is bound by the provisions of a collective bargaining agreement, a participation agreement, and the Pension Fund Trust Agreement which require it to pay contributions to the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") in accordance with the terms of it's Trust Agreement.

3. The Pension Fund operates under an employer self-reporting system which requires participating employers to initially establish a base group of employees for whom contributions are due. Thereafter, the employers are required to notify the Pension Fund on a monthly basis of any changes in the employment status of covered employees.

4. The Defendant has not complied with its obligations under the collective bargaining agreement, the participation agreement, and the Pension Fund Trust Agreement in that it has failed to pay all contributions owed to the Pension Fund for the months of March 1993 through June 1993, all of which are overdue. Based upon employee work history reported by the Defendant, the Defendant owes contributions for said months and interest thereon totalling $24,730.84. The Defendant's contributions for the month of July 1993 totalling $8,140.00 (based upon reported employee work history) are due on or before August 15, 1993.

5. The Defendant has indicated that its failure to remit current contributions is due to its cash flow problems.

6. Pursuant to the provisions of the Pension Plan and ERISA, the Pension Fund is required to provide pension credits and pension benefits to Defendant's employees regardless of whether the Defendant remits corresponding contributions.

**CONCLUSIONS OF LAW**

1. Section 502(a)(3) of ERISA expressly authorizes this Court to "enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan." 29 U.S.C. §1132(a)(3). The Defendant's failure to pay required contributions to the Pension



Fund is a violation of both the plan and §515 of ERISA. 29 U.S.C. §1145.

2. The Defendant is obligated to pay contributions to the Pension Fund pursuant to the collective bargaining agreement, the participation agreement, and the Pension Fund Trust Agreement. Therefore, the Plaintiffs have demonstrated that they are likely to succeed on the merits.

3. The Defendant's failure to pay promised contributions irreparably harms the Pension Fund because the Pension Plan and ERISA require the Pension Fund to provide pension credits and pay pension benefits to the Defendant's employees regardless of whether corresponding contributions are paid. Moreover, the Pension Fund is irreparably harmed because it has lost the benefit of income that could have been earned if the past due amounts had been received and invested on time and the Pension Fund has incurred additional administrative costs in detecting and collecting the Defendant's delinquencies. Since the danger of harm to Plaintiffs is significant and the harm to Defendant from the entry of this order appears minimal the balance of harm favors the entry of this order.

4. The public has a strong interest in the stability and financial integrity of fringe benefit funds. 29 U.S.C. §1001(a). Because the financial stability of fringe benefit funds such as the Pension Fund is a public concern, the entry of an injunction is in the public interest.

5. In light of the Plaintiffs' strong showing that they are likely to succeed on the merits, and the fact that the Defendant does not appear to dispute that it is obligated to pay



contributions to the Pension Fund, the Court will not require the Plaintiffs to post a bond.

**ORDER**

The Plaintiffs' Motion for Preliminary Injunction is granted. The Defendant, its agents, servants, employees, attorneys and all persons in active concert or participation with it, pending the final hearing and determination of this action, are ordered to comply with those terms and provisions of the collective bargaining agreement, the participation agreement, and the Pension Fund Trust Agreement which require timely payment of monthly contributions to the Pension Fund and are ordered to pay the contributions owed for the month of July 1993 (pursuant to said agreements) by 4:30 p.m. on August 16, 1993 (since August 15 falls on a Sunday) and all contributions owed to the Pension Fund for months subsequent to July 1993 on a timely basis. Aug 30, 1993, for status at 9:30 a.m.

8/13/93
Date

Charles R Norgle
United States District Judge